A. W. Peirce & Co. *v.* Robert Briggs and A. J. Cartwright, Garnishee.

## SUPREME COURT—IN BANCO.

### APRIL TERM—1882.

*Judd, C. J., McCully and Austin, J.J.*

## A. W. PEIRCE & CO. *vs.* ROBERT BRIGGS AND A. J. CARTWRIGHT, GARNISHEE.

ON APPEAL FROM THE INTERMEDIARY COURT OF OAHU ON POINTS OF LAW.

LAND, THE TITLE to which was in Mrs. Eugenia Briggs, wife of the defendant, Robert Briggs, was mortgaged to the defendant Cartwright, who foreclosed and sold the land, and has a surplus in hand which is demanded by Robert Briggs and Mrs. Briggs and claimed by the creditors of Robert Briggs.

HELD, that the surplus was reduced, with the consent of Mrs. Briggs, to personalty, and as such having been demanded by Robert Briggs, it was his property and liable for his debts.

Opinion of the Court by JUDD, C. J.

This case comes to this Court in Banco from the Intermediary Court of Oahu, with the stipulation that it shall be

decisive of four other cases against the same defendants, to wit: The cases of J. T. Waterhouse, Messrs. Tibbetts & Sorenson, G. West, and C. E. Williams.

The following are the facts: A piece of land in Honolulu was purchased of John Ena, Jr., by Robert Briggs and the conveyance therefor made to A. J. Cartwright as trustee for Mrs. Eugenia Briggs, the wife of Robert Briggs. This conveyance contained a provision, in substance, that the trustee should convey the estate to whoever Mrs. Briggs should nominate. She nominated herself, and Mr. Cartwright accordingly conveyed the estate to her, and on the 31st of March, 1880, she and her husband joined in executing a mortgage to Mr. Cartwright of the premises.

Under a power of sale in the mortgage a sale was effected by the mortgagee, Mr. Cartwright. He was summoned as garnishee and stated that the surplus in his hands, after satisfying the mortgage debt was about $1,000. The mortgage contains this clause: "And the surplus, if any, shall be paid to the said Eugenia Briggs, her executors, administrators and assigns."

Mr. Briggs gave his attorney an order on Cartwright for the money, which was presented and payment refused as Mrs. Briggs also claimed the money.

The plaintiffs were all pre-existing creditors before the mortgage was given.

The question is, whether the proceeds of the sale of the wife's land are available by the garnishee process to the creditors of the husband.

Our statutes declare that the wife's real estate is not liable for the husband's debts, but her personal estate is his by virtue of marriage. Civil Code, Section 1,286.

Is the fund attached personal property of the wife?

"If the real estate of the wife be converted into personalty during her life by the voluntary act of the parties, the proceeds become personal estate, and the husband may reduce to

his own possession or otherwise take the proceeds." Schouler's Dom. Rel., p. 150.

The act of executing a mortgage upon the wife's lands was voluntary, and it stipulated that a sale might take place and the land be converted into money or personal property. The sale in pursuance of the voluntary mortgage is no different than if the sale was the direct act of the parties and not that of the mortgagee.

In the case of Hasslocher *vs.* Robinson's executors, 3d Haw. Rep., 802, is authority that the husband must do some act to reduce his wife's personal property to possession, that is, he must in some way assert his marital right to the property, and the wife cannot exercise rights of that character without the assent of the husband.

It seems to us that the husband has done what he could to obtain possession of this fund, and it is properly the subject of the garnishee process at the suit of his creditors.

We should say further, that the words in the mortgage that "the surplus shall be paid" to the wife do not under the authorities exclude the husband or create a trust for the wife's separate use. 2 Bright Husband and Wife, p. 206 to 214.

The garnishee must be held. Judgment accordingly in each case.

F. M. Hatch for plaintiffs.

C. Brown and A. S. Hartwell for defendants.

Honolulu, May 31, 1882.